[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 6, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10888
Non-Argument Calendar

_____

D. C. Docket No. 06-00038-CV-ORL-22KRS

JAMES J. ARMSTRONG,
NANCY L. ARMSTRONG,

Plaintiffs-Appellants,

versus

COLONIAL BANK, N.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 6, 2008)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

This case is a class action. The Armstrongs, proceeding pro se, brought it in

the Brevard County, Florida Circuit Court, claiming that Colonial Bank's overdraft charges were usurious, in violation of Fla. Stat. § 687.03, and, moreover, constituted felony loan sharking, in violation of Fla. Stat. § 687.071. The bank removed the case to the district court on the ground that the National Bank Act provided the exclusive remedy for usury actions against national banks. Record, Vol 1 at Tab 1. Once in the district court, the Armstrongs filed an amended class action complaint, which contained the same state law claims as their initial complaint; the amended complaint also asserted that the overdraft charges exceeded the maximum interest allowable under the National Bank Act. Id. at Tab 10.

Colonial Bank moved the district court to dismiss the complaint for failure to state a claim for relief, and the court granted the motion. Id. at Tab 26. The Armstrongs appealed, and we affirmed. Armstrong v. Colonial Bank, N.A., 219 Fed.Appx 974 (Table) C.A. 11 (Fla.). The bank thereafter renewed the motion for sanctions that it had filed with the district court prior to the Armstrongs' appeal, seeking an award of attorney's fees under Fla. Stat. § 57.105. The Armstrongs opposed the motion, arguing that a federal court could not impose attorney's fees pursuant to § 57.105. The court referred the motion to a magistrate judge, who, relying in dicta in Bank Atlantic v. Blythe Eastman Paine Webber, Inc., 955 F.2d

2

1467, 1478 n.11 (11th Cir. 1992), concluded that fees could be awarded under § 57.105 but that she had insufficient evidence before her to determine a reasonable fee. The judge therefore issued a report recommending that the district court grant the bank's motion and afford the bank leave to refile its motion with the evidence necessary to support the fees it was claiming.

The district court adopted the report and recommendation over the Armstrongs' objection, and the magistrate judge subsequently recommended a fee award of $13,975.50. The Armstrongs did not object to the recommendation, and the district court accordingly adopted it and awarded the bank fees in that amount. The Amstrongs now appeal.

The Armstrongs argue that § 57.105 does not apply in this case because rule of decision the district court applied in deciding the case was a federal law, the National Bank Act. We might be persuaded if the Armstrongs had brought this case under the National Bank Act in the district court, but they did not. They sued the bank under state law, and after the bank removed the case to district court, they continued to rely on state law when they amended their complaint. True, the amended complaint also cited the National Bank Act as a basis for recovery, but stuck with their state law allegations to the bitter end.

The Armstrongs did not object to the magistrate judge's determination and

3

recommendation of the amount of attorney's fees to be awarded to the bank, so they may not now challenge the award the district court made – absent plain error or a claim of manifest injustice, neither of which are present.

AFFIRMED.